UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FERNANDO ROBLES,<br><br>                                    Petitioner,<br>        v.<br><br>WARDEN BAKER, *et al.*,<br><br>                                    Respondents. | Case No. 3:19-cv-00251-MMD-CBC<br><br>ORDER |

The Federal Public Defender has entered a notice of appearance. (ECF No. 6.)

It is therefore ordered that the Federal Public Defender, through T. Kenneth Lee, Esq., is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that Petitioner will have until up to and including ninety days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

1  It is further ordered that Respondents must file a response to the amended petition,

2  including potentially by motion to dismiss, within 60 days of service of an amended petition

3  and that Petitioner may file a reply thereto within 30 days of service of the answer. The

4  response and reply time to any motion filed by either party, including a motion filed in lieu

5  of a pleading, will be governed instead by Local Rule LR 7-2(b).

6  It is further ordered that any procedural defenses raised by Respondents to the

7  counseled amended petition shall be raised together in a single consolidated motion to

8  dismiss. In other words, the Court does not wish to address any procedural defenses

9  raised herein either in seriatum fashion in multiple successive motions to dismiss or

10  embedded in the answer. Procedural defenses omitted from such motion to dismiss will

11  be subject to potential waiver. Respondents may not file a response in this case that

12  consolidates their procedural defenses, if any, with their response on the merits, except

13  pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

14  Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must

15  do so within the single motion to dismiss not in the answer; and (b) they must specifically

16  direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett*

17  *v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses,

18  including exhaustion, should be included with the merits in an answer. All procedural

19  defenses, including exhaustion, instead must be raised by motion to dismiss.

20  It is further ordered that in any answer filed on the merits, Respondents must

21  specifically cite to and address the applicable state court written decision and state court

22  record materials, if any, regarding each claim within the response as to that claim.

23  It is further ordered that any state court record and related exhibits filed herein by

24  either Petitioner or Respondents will be filed with a separate index of exhibits identifying

25  the exhibits by number. The CM/ECF attachments that are filed further will be identified

26  by the number or numbers of the exhibits in the attachment. If the exhibits filed will span

27  more than one ECF Number in the record, the first document under each successive ECF

28  Number must be either another copy of the index, a volume cover page, or some other

document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, etc.).

It is further ordered that the hard copy of any exhibits filed by either counsel must be delivered—for this case—to the Las Vegas Clerk's Office.

DATED THIS 17th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE